## Chryst Appeal

*John H. Longaker*, for appellants.

*Eli F. Wismer*, for contra.

KNIGHT, P. J., August 31, 1951.—This is an appeal by certain owners of real estate and taxpayers of Lower Pottsgrove Township from the decision of the Supervisors of Lower Pottsgrove Township refusing to approve a plan of certain roads in the township.

534

Appellants, about 50 in number, are residents, property owners and taxpayers of a subdivision known as Green Acres situate in Lower Pottsgrove Township in this county.

Sometime prior to January 1948 a developer by the name of Stanley Swinehart acquired a tract of land in Lower Pottsgrove Township, subdivided the same, laid out streets and constructed approximately 50 houses. These houses have been sold to appellants.

The homes of appellants front on two streets, Hilltop Road and Sunrise Lane, laid out by the developer, 33 feet wide.

The developer rough graded the streets and put on a base of stone and slag of an average depth of from four to six inches.

It appears that the developer did not comply with section 1140 of the Act of May 1, 1933, P. L. 103, as reënacted, amended and revised by the Act of July 10, 1947, P. L. 1481, in that he did not present to the Supervisors of Lower Pottsgrove Township for their approval a plan of his proposed subdivision of Green Acres.

In October 1950 appellants caused to be made by a registered engineer a map or plan of Hilltop Road and Sunrise Avenue showing the proposed grade, width and construction of these roads and the necessary drainage facilities. This plan was approved by Mr. Shaner, the Lower Pottsgrove Township engineer but the Supervisors of Lower Pottsgrove Township at a meeting held on May 7, 1951, by resolution refused to approve the plan.

From this action of the supervisors, appellants have appealed to this court by virtue of the provisions of section 1141 of the Act of 1947, supra.

A hearing was held in this court on July 31, 1951, and from the evidence then produced and the undenied averments of the pleadings the above facts are stated.

The reasons advanced by the supervisors for refusing to approve the plan are three, namely:

1. The existing grade of the roads does not conform with the grade shown on the plan.

2. The drainage facilities as shown on the plan have not been constructed.

3. The base course in constructing the roads is not six inches in depth.

After giving considerable study to the Second Class Township Code of July 10, 1947, supra, we have come to the conclusion that none of the reasons set forth above are sufficient to warrant the supervisors rejecting the plan.

The supervisors at their meeting on May 7, 1951, had only before them the approval of the plan and had no authority to consider what had or had not been done on the ground.

Since the plan had been approved by the engineer of the township and since their objections to it at this time are not valid the supervisors should have approved the plan.

The approval of the plan, however, does not make Hilltop Road and Sunrise Lane public roads to be constructed and maintained by the supervisors.

Section 1145 of the Second Class Township Code, supra, provides "no approval of plans by a township shall obligate or require any such township to construct, reconstruct, maintain, repair, or grade such roads, until and unless authorized and ordered so to do by the proper Court pursuant to the provisions of this sub-division".

Section 1147 of the code provides a method by which dedicated roads shown on approved and recorded plans may become part of the public road system of the township subject to be maintained by the public. The supervisors may accept such roads upon petition to this court and approval by the court.

The removal of the objections to the plan as advanced by the supervisors as reasons for refusing to approve it may be stated as conditions to be performed before the roads are accepted.

It may be pointed out that there is another method provided by the code by which Hilltop Road and Sunrise Lane may become public highways and that is by proceeding under sections 1101 to 1103 of the code, supra.

Section 1140 of the act is entitled "Acceptance of land dedicated by deed for road purposes; Plans of Dedicated Roads and Streets;" The section provides:

"The Supervisors of any Township may accept in the name of the Township, any land dedicated by deed to the Township to be used, in any manner, for road purposes. No person shall construct, open, or dedicate any road, or any drainage facilities in connection therewith, for public use or travel in any Township, without first submitting plans to the township supervisors for their approval. Such plans shall be prepared in duplicate in accordance with such rules and regulations as may be prescribed by the supervisors, and shall show the profiles of such roads, the course, structure, and capacity of any drainage facilities, and the method of drainage of the adjacent or contiguous territory, and also any other further details that may be required under the rules or regulations adopted by the township supervisors. . . ."

It appears that the developer, Mr. Swinehart, violated the provisions of this section and subjected himself to the rather severe penalty provided by section 1144 of the act when he opened for public use Hilltop Road and Sunrise Lane. However, any prosecution is probably barred by the statute of limitations.

It appears also that section 1140 applies only to the plan and does not contemplate any construction done

pursuant to the plan, in fact the section provides that no construction shall take place before the plan is approved by the supervisors.

In looking over the Second Class Township Code we were unable to find any provision requiring the supervisors in the first instance to grade, gutter, curb, pave or otherwise improve any public road. This may be done upon petition of abutting landowners as provided by section 1135 of the act at the cost in whole or in part of the landowners.

We have before us only the appeal from the refusal to approve the plan by the supervisors. What we have said outside that question is purely dicta; an expression of opinion that may be helpful in an unfortunate situation.

We have a great deal of sympathy with these petitioners. They are the innocent victims of a lack of knowledge of the law governing second class townships, of the unfulfilled promises of a developer. The supervisors seem coöperative and it is hoped some plan may be worked out to give petitioners a measure of relief.

*Decree*

And now, August 31, 1951, after full hearing the action of the Supervisors of Lower Pottsgrove Township in refusing to approve the plan showing Hilltop Road and Sunrise Lane in Lower Pottsgrove Township, this plan being prepared by petitioners and approved by the engineer for Lower Pottsgrove Township and offered in evidence as exhibit A, is hereby reversed and the plan is hereby approved.

It is further ordered and directed that a duplicate copy of the plan approved in writing by the supervisors or the court shall be recorded in the office for the recording of deeds in and for Montgomery County by appellants and at their expense.

Inasmuch as this case was heard by only one judge

538

of this court exceptions may be filed to the above decree within 10 days of the filing thereof.

If no exceptions are filed the above decree shall become the final judgment of the court.